IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 0:10-cr-225-JFA |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Bharrat Steven Pardassee. | ) | |
| | ) | |

This matter comes before the court on a petition filed pursuant to 28 U.S.C. § 2255 by Bharrat Steven Pardassee to vacate his sentence. The United States has also filed a motion for summary judgment. For the reasons discussed below, this court hereby denies Pardassee's petition and grants the government's motion.

On June 28, 2011, Petitioner pled guilty to knowingly, intentionally, and unlawfully possessing with intent to distribute five grams or more of cocaine base (commonly known as "crack" cocaine). On October 19, 2011, this court sentenced Petitioner to fifty-one months incarceration. In his § 2255 petition, Pardassee asserts a claim for ineffective assistance of counsel. Specifically, Pardassee takes issue with a number of matters involving counsel surrounding his sentencing, including the following: counsel's incorrect statement of the offense level during the hearing, and counsel's failure to object to a two-level gun enhancement. Petitioner also raises following additional claims in his reply brief:[1] counsel's failure to share the revised pre-sentence report (PSR) with Petitioner; counsel's failure to object to the obstruction of justice enhancement; and counsel's failure to object to the loss of acceptance of responsibility

---

[1] "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered. However, the power to decline consideration of such arguments is discretionary, and courts are not precluded from considering such issues in appropriate circumstances." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp.2d 731, 735 (D. Md. 2006) (citations omitted). The court believes that Petitioner was on notice as to all of these claims as of the date of his sentencing; thus, the claims should have been raised in his § 2255 Petition. However, out of an abundance of caution and because Petitioner is proceeding *pro se*, this court addresses these claims.

1

reduction. The government contests that any of the issues raised by Petitioner warrant this court vacating his sentence and further seeks summary judgment on the petition.

The Supreme Court has held that to establish a claim of ineffective assistance a petitioner must show that (1) his attorney's performance was objectively deficient and (2) such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. First, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 688. Courts should be deferential in this inquiry, and have "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Thus, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice. *Id.* at 697. It is axiomatic that if the claim or claims that counsel failed to raise are devoid of legal merit, a petitioner suffers no prejudice and cannot establish a claim of ineffective assistance of counsel. *Id.* at 687.

Petitioner first argues that counsel[2] misstated his advisory sentence during the sentencing hearing, which, according to Petitioner, increased his sentence. During the sentencing hearing,

---

[2] Petitioner retained James W. Bannister, Jr. to represent him in criminal proceedings related to this case; however, at sentencing, Petitioner was represented by O.W. Bannister, Jr., a member of James Bannister's firm. Such substitution of counsel was specifically provided for in Petitioner's contract with Bannister's firm, and Petitioner has been unable to point to any authority that such substitution constitutes ineffective assistance of counsel or that such substitution prejudiced him in any way. In fact, sentencing counsel's argument that the court should use a one-to-one ratio instead of the eighteen-to-one ratio urged by the government was successful and resulted in an appreciable reduction in the advisory guideline sentencing range.

Petitioner's counsel made a motion that the court "apply the fair sentencing guideline one-to-one which I understand will reduce that guideline range to a bottom line of 51 months." (ECF No. 254 at 4.) Apparently, the correct guideline range was actually from 41 to 51 months. However, even assuming that counsel's misstatement was ineffective for purposes of Petitioner's claim, there was no prejudice. Immediately after counsel stated his belief that the bottom of the range was 51 months, the court stated the correct guideline range. Later in the hearing, the court issued a sentence of 51 months, explaining that it felt that a sentence "at the high end of the advisory range is appropriate." (ECF No. 254 at 6.) Despite counsel's incorrect statement about the advisory sentence, it is clear that the court was correctly informed about the advisory guideline range. Thus, no prejudice resulted.

Plaintiff has also asserted an ineffective assistance of counsel claim based on counsel's failure to make the following objections at his sentencing hearing: (1) objection to the two-level gun enhancement, (2) objection to the obstruction of justice enhancement, and (3) objection to the loss of acceptance of responsibility reduction. As James W. Bannister, Jr. stated in his affidavit, he did not object to the gun enhancement because "there was no real legal issue regarding the gun. The statements from Parker and Pardassee made it clear that the gun was part of a drug transaction in which Pardassee was the driver." (ECF No. 261-2 at 2.) Petitioner, on the other hand, argues that he should not have been subject to the gun enhancement because there was no evidence that Parker possessed the gun when Petitioner was driving him, that Petitioner knew Parker purchased the gun, or that it was reasonably foreseeable that Parker would carry the gun in furtherance of their joint criminal venture. However, as the government points out in its brief, neither actual physical possession nor actual awareness of the gun's existence is required for a firearm to be a reasonably foreseeable consequence of narcotics deals

that involve large amounts of cash or drugs. *Millon v. United States*, No. 3:08-cv-338, 2009 WL 3258580, at *6 (W.D.N.C. Oct. 7, 2009) (citing *United States v. Mangual*, 278 F. App'x 267, 272 n.2 (4th Cir. 2008); *United States v. Kimberlin*, 18 F.3d 1156, 1159–60 (4th Cir. 1994)). Furthermore, contrary to Petitioner's assertions, there is evidence (which the government sets forth on pages 13–14 of its brief) that Petitioner had knowledge of Parker's gun and that it was used in furtherance of the conspiracy. Given these facts and the clarity of Fourth Circuit law, counsel's choice not to object to a gun enhancement under 2D1.1(b)(1) was not ineffective assistance of counsel.

Petitioner submits that counsel should have objected to the obstruction of justice enhancement and to the loss of the acceptance of responsibility reduction; however, as James Bannister explained in his affidavit, "[t]he change in sentencing range was based solely on [Petitioner's] misconduct, i.e. continuing to use crack cocaine. [Petitioner] cannot complain that the Court and the Government took his continued misconduct into account at the sentencing." (ECF No. 261-2 at 2.) James Bannister further averred that he "explained to [Petitioner] on numerous occasions that his continued use of crack cocaine was the fact that put the original plea agreement, his acceptance of responsibility and his sentence in jeopardy." (ECF No. 261-2 at 3.) Petitioner admits that he lied to the court about consuming cocaine base as part of his work as a confidential informant. The commentary to the guidelines expressly lists "providing materially false information to a judge or magistrate judge" as conduct that will subject a defendant to an obstruction of justice enhancement. U.S. Sentencing Guidelines Manual § 3C1.1 cmt. 4(F) (2011). Furthermore, the commentary to the acceptance of responsibility section of the guidelines states that conduct resulting in an enhancement for obstruction of justice generally indicates that a defendant should not benefit from an acceptance of responsibility reduction. *Id.*

§ 3E1.1 cmt. 4. This court cannot find that counsel was ineffective for failing to raise these objections at the sentencing hearing, as counsel's conduct at the hearing fell into the wide range of reasonable professional assistance that the court looks for under *Strickland*. Moreover, even if counsel had objected to the adjustments based on the firearm, on obstruction of justice, or on acceptance of responsibility, there was no reasonable likelihood that the court would have sustained any of the objections. Therefore, as to these claims, Petitioner can demonstrate neither deficient performance nor prejudice, as required by *Strickland*.

Finally, Petitioner accuses James W. Bannister, Jr. of failing to share the amended PSR with him before his sentencing hearing. However, the record belies Petitioner's claim. James Bannister's affidavit indicates that counsel knew that the acceptance of responsibility reduction was removed from the PSR after Petitioner lied to the court and that counsel explained to Petitioner on numerous occasions that his conduct had jeopardized his sentence. Additionally, during the sentencing hearing, the court announced that using an eighteen-to-one ratio Petitioner's offense level was 32 and his advisory range was 121–151 months. The court also announced that using a one-to-one ratio Petitioner's offense level was a 22 and his advisory range was 41 – 51 months. All of these numbers are noticeably different from those contained in the unrevised PSR,[3] but Petitioner did not voice any objections either himself or through his attorney. Thus, Petitioner's own actions at his sentencing hearing contradict the claim he now makes to this court. Accordingly, the court finds that, as to this claim, there was no ineffective assistance of counsel.

---

[3] The unrevised PSR lists the total offense level as 27 with a guideline range of 70–87 months using an eighteen-to-one ratio. Using a one-to-one ratio, the unrevised PSR states that the offense level is 17 and the advisory range is 24–30 months.

For the foregoing reasons, this court finds that Petitioner's counsel was not ineffective at his sentencing hearing. Accordingly, the court denies Petitioner's Motion to Vacate (ECF No. 255) and grants the government's Motion for Summary Judgment (ECF No. 262). The court further denies Petitioner a certificate of appealability because he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

April 5, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."